FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR -5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DENISE MARIE HERRERA,<br><br>  Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden,<br><br>  Respondent. | Case No. EDCV 13-00386 SVW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Denise Marie Herrera ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises six claims directed at a November 24, 2008 conviction by plea agreement in the California Superior Court for Riverside County. Petitioner was convicted of actively participating in a criminal street gang, with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and willfully promoting, furthering, or assisting in felonious criminal conduct by members of that gang (case no. RIF146231).

///

Approximately one month earlier, on October 22, 2008, Petitioner pleaded guilty in the same case to receiving stolen property and forgery.[1] Pursuant to both plea agreements, Petitioner was placed on probation for 36 months.

For the reasons discussed below, Petitioner is ordered to show cause why her Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

---

[1] The Court takes judicial notice of Internet records relating to this action in the Riverside Superior Court (available at http://public-access.riverside.courts.ca.gov), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012). Accordingly, the Court has reviewed copies of both written plea agreements as well as the minutes of both plea hearings. Based upon that review, the Court finds the plea at issue was taken separately due to an oversight by the trial court. (11/24/08 Mins.)

B. **Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records establish the following facts. The plea Petitioner challenges was taken on November 24, 2008, and Petitioner was sentenced the same day. Petitioner did not appeal that judgment of conviction. (Pet. at 2-3; 11/24/08 Mins.) Therefore, for purposes of AEDPA's limitations period, the judgment became final 60 days later, on January 23, 2009, when the time expired for Petitioner to file a notice of appeal. CAL. CT. R. 8.308(a); *see also Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010) (where the petitioner did not appeal his conviction to the California Court of Appeal, the conviction became final 60 days after the date he entered his plea). The statute of limitations then started to run the next day, January 24, 2009, and ended a year later on January 24, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner did not constructively file the pending Petition until February 13, 2013 -- 1,116 days (more than three years) after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start date to the

---

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule (continued...)

limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

### C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). Further, on state collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Id.* at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The face of the Petition and relevant state court records establish Petitioner filed three state petitions, a habeas petition in the superior court (case no. RIF146231), a habeas petition in the court of appeal (case no. E057426), and a petition for review of the court of appeal's decision in the California Supreme Court (case no. S206972), all

---

²⁄ (...continued)
3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court gives Petitioner the benefit of all doubt by assuming she delivered her Petition to the prison mail system on February 13, 2013, the date she signed it. (Pet. at 8.)

of which were denied. (Pet. at 3-5; state court records.) However, it appears the first of those petitions was not filed until mid-2012, long after AEDPA's limitations period expired. More specifically, Petitioner has not properly completed the Court's approved form by providing the date she turned her first petition in the superior court over to prison authorities for mailing. (Pet. at 3.) However, Petitioner does state that the superior court petition was denied on September 4, 2012. (Pet. at 4.) As a result, it appears Petitioner is not entitled to any statutory tolling because her first state habeas petition was likely filed well over two years after the limitations period expired on January 24, 2010. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

Further, in order for Petitioner to establish the date she did turn her first petition in the superior court over to prison authorities for mailing, Petitioner must provide the relevant date in her Response to this Order and attach a properly authenticated copy of that habeas petition reflecting the date. **If Petitioner fails to provide the constructive filing date of her first state habeas petition in response to this Order, the Court will accept the omission as Petitioner's concession that the petition was filed long after AEDPA's limitations period expired, and that she is, therefore, not entitled to any statutory tolling.** *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

Absent evidence to the contrary, the face of the Petition and state court records establish that Petitioner is not entitled to any statutory tolling.

D.   **Alternative Start of the Statute of Limitations**

   1.   **State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). However, "[s]ection 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." *Ford*, 683 F.3d at 1235 (internal quotation marks and citations omitted). Notably, the statute of limitations begins to run under § 2244(d)(1)(D) only when the factual predicate of a claim <u>could have</u> been discovered through the exercise of due diligence, but "not when it actually was discovered." *Id.* Moreover, the "due diligence" clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered. *Id.*

Petitioner argues she belatedly discovered the factual predicate of her claims based on the following circumstances. She contends she was not advised at the time she entered her November 24, 2008 plea that the conviction amounted to a "strike" which could be used to enhance a later sentence. She further alleges she did not learn of that consequence until she was being sentenced on a subsequent matter on

1  November 2, 2011, at which time her four-year sentence was doubled to eight years.[3/]
2  She also contends her attorney in 2008 failed to advise her she had a meritorious
3  defense to the charge of actively participating in a criminal street gang, and it was not
4  until she obtained her file from counsel in January 2012 that she discovered it. Finally,
5  she claims she failed to file a direct appeal of her November 24, 2008 plea agreement
6  because she "was never advised as to whether or not her right to appeal was waived."
7  (Pet. at 3; Attachment to Petition ("Attach.") at 5-6, 8-43.)

8        Petitioner falls grossly short of establishing an alternate start date of the
9  limitations period based upon the late discovery of the factual predicate, as all of her
10 allegations are rebutted by the written November 24, 2008 plea agreement.
11 Specifically, the plea agreement reflects Petitioner pleaded guilty to CAL. PENAL CODE
12 § 186.22(a) (active participation in a criminal street gang), and that she personally
13 wrote her initials next to several statements on the plea form, most notably: **(A)** "I
14 have had adequate time to discuss with my attorney (1) my constitutional rights, (2)
15 the consequences of any guilty plea, and (3) any defenses I may have to the charges
16 against me."; **(B)** "I agree that I did the things that are stated in the charges I am
17 admitting."; and **(C)** "[Defendant] understands this is a strike." (11/24/08 Plea
18 Agreement.) Additionally, in the original plea agreement in the same matter, Petitioner
19 wrote her initials next to the statement that "[a]s part of this plea, I . . . do not waive
20 any right to appeal that I may have."[4/] (10/22/08 Plea Agreement.) Finally, the minutes
21 of the oral plea proceeding on November 24, 2008 do not reflect that Petitioner asked

---

23   [3/]  Petitioner is precluded from attacking the enhanced sentence imposed on
24 November 2, 2011 on the ground that the November 24, 2008 plea was
25 unconstitutionally obtained. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04, 121 S. Ct. 1567 (2001).

27   [4/]  Petitioner initialed next to the same statement on the November 24, 2008
28 plea form, however, the form required placing a circle around either "do" or "do not," and neither option was circled. (11/24/08 Plea Agreement.)

any questions, sought any clarification, or raised any objections before entering her plea. (11/24/08 Mins.)

The foregoing establishes that Petitioner's allegations are false, and that she was absolutely aware of the future consequences of her plea, including the fact she was incurring a "strike" for future sentence enhancement purposes. She also had the opportunity to discuss any meritorious defenses with her counsel, and she was aware she did not waive her right to appeal the judgment. However, even assuming the truth of her allegations that she was unaware of those facts, it is beyond question that the contents of the written November 24, 2008 plea agreement, coupled with her initials and signature in several places on the form, establish that the "vital facts" underlying her claims *could and should have been discovered through the exercise of due diligence.* § 2244(d)(1)(D); *Ford*, 683 F.3d at 1235. For example, Petitioner argues that the phrase "[Defendant] understands this is a strike" was insufficient to properly advise her of the consequences of a strike. (Attach. at 29.) But, Petitioner conveniently fails to mention she personally placed her initials next to that handwritten statement on the plea form. If Petitioner is claiming she falsified her representation, and that she did not understand what "strike" meant or its consequences, she was certainly on notice to *find out*; under the circumstances, her failure to exercise due diligence is without dispute. Similarly, she personally confirmed in writing that she was given adequate time to discuss possible defenses with her counsel. If that was not so, or if she failed to use the time to review her file and discuss her options with her attorney, it is again her own failure to exercise due diligence because she was clearly aware she had the right to do so when she initialed the form. The fact is that all of Petitioner's claims could have been discovered through the exercise of due diligence <u>at the time of her plea</u>. *Ford*, 683 F.3d at 1235 ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended.").

///

Furthermore, even if Petitioner had demonstrated she belatedly discovered the vital facts supporting her arguments - that she had a possible meritorious defense, and that a future sentence could be enhanced - they are not facts which point to the real possibility of any constitutional error. *See Coss*, 532 U.S. at 403 ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."); *see also United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990) (a guilty plea is only involuntary if the defendant is not made aware of its *direct* consequences, and "[t]he possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea."); Habeas Rule 4, Advisory Committee Notes (1976 Adoption) ("[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error."). There is nothing in § 2244(d)(1)(D) that provides for an alternate start date to the limitations period based upon the late discovery of the factual predicate of a non-claim.

The face of the Petition and the Attachment establish Petitioner is not entitled to an alternate start date of the limitations period under § 2244(d)(1)(D).

**E.   Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

///

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

The Petition does not set forth any facts for equitable tolling.[5]

///
///
///
///
///
///
///

---

[5] Petitioner makes several arguments based on California's timeliness rules (Attach. at 11-16), which are wholly inapplicable here because her federal habeas petition is governed by AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

.
# ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **April 24, 2013**, to file a written response and show cause why her Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis she has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive her right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, she should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: April 4, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE